# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

GERRY SUSAN KHODER AND
IBRAHIM KHODER

NO.  2022 CW 0236

VERSUS

ZHOU JIAN PING AND AL SULTAN
GREEK AND LEBANESE
RESTAURANT, LLC

OCTOBER 21, 2022

---

In Re:      Zhou Jian Ping and Jefferson View Shopping Center of
            Baton Rouge, LLC, applying for supervisory writs, 19th
            Judicial District Court, Parish of East Baton Rouge,
            No. 657386.

---

BEFORE:  McCLENDON, WELCH, AND THERIOT, JJ.

   **WRIT DENIED.**

**MRT**
**JEW**

   **McClendon, J.,** dissents.  Plaintiffs seek to impose liability against defendants under La. Civ. Code art. 2317.1, based on their ownership of the property where plaintiff's accident occurred.  For liability to attach under La. Civ. Code art. 2317.1, a plaintiff has the burden of proving that: (1) the property that caused the damage was in the garde or legal custody of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk.  Liability does not attach unless all of those elements are proven.  **Ordeneaux v. Arkel Food Servs., L.L.C.,** 2020-1312 (La. App. 1st Cir. 6/04/21), 327 So.3d 521, 527-28, writ denied, 2021-00967 (La. 10/19/21), 326 So.3d 264.  Defendants submitted evidence demonstrating the property was not in their legal custody and they had no actual or constructive knowledge of the alleged defective condition of the floor.  The burden then shifted to plaintiffs to produce factual support sufficient to establish the existence of genuine issues of material fact regarding those elements.  La. Code Civ. P. art. 966(D)(1).  On *de novo* review, I find plaintiffs failed to carry their burden and defendants are entitled to judgment as a matter of law.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
            FOR THE COURT